09-1632-cv
*Reiseck v. Universal Communications of Miami, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand ten.

Present:     JOSÉ A. CABRANES,
             BARRINGTON D. PARKER,
                      *Circuit Judges,*
             CAROL BAGLEY AMON,
                      *District Judge.*[*]

---

LYNORE REISECK,

     *Plaintiff-Appellant,*                      09-1632-cv

     V.

UNIVERSAL COMMUNICATIONS OF MIAMI, INC., doing business as UNIVERSAL MEDIA, BLUE HORIZON MEDIA, INC., DOUGLAS GOLLAN, CARL RUDERMAN, GEOFFREY LURIE, DAVID BERNSTEIN,[**]

     *Defendants-Appellees.*

---

**FOR APPELLANT:**                 JOHN K. DIVINEY, (Gina Ianne Grath, *on the brief*), Alan B. Pearl & Associates, P.C., Syosset, NY.

---

[*] The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

**FOR APPELLEE**:                                    DANA SUSMAN, (S. Reid Kahn, *on the brief*), Kane
                                                        Kessler, P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Thomas P. Grisea, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the United States District Court for the Southern District of New York be **AFFIRMED**.

Plaintiff Lynore Reiseck ("plaintiff" or "Reiseck") appeals from a March 27, 2009 judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*) granting the motion for summary judgment of defendants Universal Communications of Miami, Douglas Gollan, Carl Ruderman, Geoffrey Lurie, and David Bernstein (collectively "defendants") on plaintiff's various claims of employment discrimination and violations of federal, state, and city laws. Specifically, plaintiff alleged that defendants (1) discriminated against her on the basis of sex in violation of New York state and New York City law, N.Y. Exec. Law. § 296(1)(a); N.Y. City Admin. Code § 8-107; (2) discriminated against her on the basis of her recreational activities, in violation of New York state law, N.Y. Lab. Law § 201-d(2)(c); (3) withheld overtime pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and New York state law, N.Y. Comp. Codes R. & Regs., tit. 12, § 142-3.2; and (4) withheld commissions that she earned, in violation of New York state law, N.Y. Lab. Law § 191-c(1). On appeal, plaintiff argues that the District Court erred in granting defendants' motion for summary judgment. In a related but separately filed opinion, we dispose of Reiseck's claim under the overtime pay provision of the FLSA. We assume the parties' familiarity with the facts and procedural history of this case.

We review an order granting summary judgment *de novo* "drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).

We have reviewed each of plaintiff's claims and find them to be without merit. Substantially for the reasons stated by the District Court in its March 26, 2009 opinion, the March 27, 2009 judgment of the District Court is **AFFIRMED** insofar as it granted summary judgment for defendants on plaintiff's claims of discrimination and failure to pay commissions.

For the Court
Catherine O'Hagan Wolfe, Clerk

By: _____

2